## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| GREENWICH LEGAL ASSOCIATES, LLC | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | |
| ADAM FRANKEL and FRANKEL CONSULTING INC. | : | |
| | : | |
| Defendants. | : | |

## VERIFIED COMPLAINT

Plaintiff, Greenwich Legal Associates, LLC ("**GLA**"), for its complaint against the defendants, Adam Frankel ("**Frankel**") and Frankel Consulting Inc. ("**FCI**") (collectively the **"Defendants"**), alleges as follows:

## JURISDICTION AND VENUE

1.      This Verified Complaint arises under federal law and under the laws of the State of Connecticut and seeks legal and equitable relief for the Defendants' unlawful access to, and misuse of, GLA's highly confidential, proprietary and trade secret information created by GLA and maintained and stored on its computer system.

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over GLA's claims under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et seq.*, the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, *et seq.*, and the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831, *et seq.* This Court has

{N5875582;2}

supplemental jurisdiction over GLA's remaining state law claims pursuant to 28

U.S.C. § 1367, because they are so related to GLA's federal DTSA, SCA, and CFAA

claims that they form part of the same case or controversy and derive from a common

nucleus of operative fact.

3.    The Court also has subject matter jurisdiction by virtue of 28 U.S.C. §

1332 in that the Defendants are residents of Florida and the matter in controversy,

exclusive of interest and costs, exceeds $75,000.

4.    Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial

part of the events that gave rise to this claim occurred in this District.

## THE PARTIES

5.    GLA is a limited liability company organized under the laws of the

state of Connecticut and maintains its principal place of business in Greenwich,

Connecticut.  GLA is a citizen of the State of Connecticut for diversity purposes

because its sole member, Brandon Lacoff, is a natural person who is a citizen and

resident of the State of Connecticut.

6.    Frankel is a natural person who is a resident and citizen of the state of

Florida, with a residence at 11095 Stonewood Forest Trail, Boynton Beach, Florida.

7.    FCI is a Florida profit corporation with a principal place of business at

11095 Stonewood Forest Trail, Boynton Beach, Florida.

8.    Frankel has direct or indirect ownership and control over FCI and

maintains the title of Manager.

9.      From on or about August 2009 through late 2021, Frankel served as an independent contractor who provided legal consulting services to GLA

10.     The Court has personal jurisdiction over Frankel because (i) he personally availed himself of certain benefits, opportunities, and resources available to independent contractors of GLA in Connecticut; (ii) he is an attorney licensed to practice in Connecticut; (iii) at the outset of his relationship with GLA, before he began his residence in Florida, he provided legal services for GLA while living in Connecticut; and (iv) while living in Connecticut and then later while living in Florida, Frankel accessed GLA email, confidential and proprietary information and/or trade secrets that were created by GLA or were created by Defendants for GLA, and that were maintained and stored on GLA computers and servers located in Connecticut , and Frankel used this access in an unauthorized manner to acquire improperly, and transfer to himself confidential GLA information.

11.     The Court has personal jurisdiction over FCI because, upon information and belief, through Frankel's ownership and control it (i) intentionally availed itself of the benefits, opportunities, and resources available to it as an independent contractor of GLA; and (ii) accessed GLA email, confidential and proprietary information and/or trade secrets that were created by GLA or by Defendants for GLA, and maintained and stored on GLA computer servers located in Connecticut , and used this access in an unauthorized manner to acquire improperly and transfer to itself confidential GLA information.

## FACTUAL ALLEGATIONS

12.     GLA is a boutique law firm offering legal services focused on sophisticated and selective class action litigation in the securities, antitrust, and consumer areas.

13.     GLA's services are offered and used throughout the United States, and its customers, prospective customers, referral sources, and litigation cases are located throughout the United States.  GLA's computer systems and information technology resources are connected to the Internet and used in interstate commerce.

14.     Throughout its history, GLA has expended hundreds of thousands of dollars on its research, marketing, and practice development and client development activities.

15.     The class action legal services business is highly competitive.  As a result, it is extremely important for GLA to protect its trade secrets and other propriety and confidential information, which includes, without limitation: client information; case referral sources; case selection methods; plaintiff identification methods; case development and management methods; financial information; pricing information; client loss calculations; and marketing and business strategies and methods.

16.     This proprietary and confidential information derives independent economic value from its being kept secret; and if competitors such as other law firms or consulting services were to gain access to the information, they could use such information to their gain and to GLA's economic detriment by, for instance, poaching

clients or prospective clients, profiting from GLA's know-how and work product at GLA's expense, and undercutting GLA's pricing.

17.     GLA has made numerous efforts that are reasonable under the circumstances to maintain the secrecy and confidentiality of its trade secrets and confidential and proprietary information.  These efforts include, without limitation:

    a.  Maintaining control over GLA information and GLA client information, either directly or through delegating said responsibilities to Defendant Frankel in cases he was involved with on behalf of GLA, including all GLA information technology resources used to access or store GLA email, GLA information, and GLA client information;

    b.  Restricting access to confidential information and trade secrets to GLA employees and to Frankel, a licensed Connecticut attorney who owed a duty to GLA and to GLA clients to keep this information confidential;

    c.  Restricting access to GLA computer systems by requiring unique user names and passwords;

    d.  Deploying information technology to safeguard GLA and client information and communications;

    e.  Securing entry to GLA's Connecticut office;

    f.  Relying on all GLA attorney employees and Frankel to comply with Connecticut Rules of Professional Conduct for lawyers and law firms, including without limitation rules concerning confidentiality and safeguarding client information and property and the proper use of technology in communicating with clients and handling client information; and

    g.  Requiring all GLA employees and Frankel to conduct themselves in accordance with GLA's ethical standards, policies, and procedures, which include the safeguarding and proper use of GLA-provided computer resources concerning GLA's confidential and propriety information, and trade secrets.

18.     During his relationship with  GLA, Frankel's duties and responsibilities included, for example, following developments in corporate, antitrust, consumer, and

securities law, including cases filed and decisions rendered, for purposes of developing new business; assisting clients of GLA whose cases or potential cases fell within such practice categories; serving as liaison to clients and potential clients; assisting clients in fulfilling discovery obligations and other duties; providing litigation updates; helping communicate with co-counsel; and helping to prepare clients for depositions.

19.     Throughout the entirety of Frankel's relationship and solely as necessary for the purpose of performing his duties, GLA provided Frankel with access to certain trade secret, highly confidential and proprietary information belonging to GLA.  This information included, without limitation, certain strategic and competitively sensitive information about GLA's services and clients, such as client account information, pricing, research data, business methods and strategies, and information on professional and client development.

20.     Throughout the entirety of Frankel's relationship and solely as necessary for the purpose of performing his duties, GLA provided Frankel with a computer, external hard drive, and access to GLA-provided online accounts, software applications and services.  In each such instance, GLA either paid for the device or service, or reimbursed Frankel for the same.

21.     Throughout the entirety of Frankel's relationship and solely as necessary for the purpose of performing his duties, GLA provided Frankel with remote access to GLA proprietary and confidential information and trade secrets stored in its

information technology systems located in Connecticut, and Frankel would remotely
access such systems from Florida and from elsewhere in the United States.

22.    In 2021, GLA became aware that Frankel had been storing and/or
backing up GLA data files for some time to a cloud storage service account that was
not GLA's own preferred cloud storage account.  Within this rogue cloud storage
account was a GLA folder and at least one thousand GLA subfolders that contained
tens of thousands of GLA files.  At that time, individuals with access to this GLA
folder and its contents included Frankel, GLA Executive Manager Martin Lacoff, and
GLA Managing Partner, Brandon Lacoff, Esq. (together Martin Lacoff and Brandon
Lacoff shall be referred to as the "**Lacoffs**").

23.    Upon information and belief, the GLA folder and data files identified in
the preceding paragraph included GLA's confidential and proprietary information and
trade secrets about closed, active, and prospective GLA cases, including without
limitation, client retainer agreements and information, power of attorney documents,
affidavits, internal GLA counsel and co-counsel communications, client
correspondence, spreadsheets containing client stock trading information, spreadsheets
containing client financial loss information, draft demand letters, deposition
preparation notations, confidential settlement materials, electronic communications,
other attorney work product, and other information about client representations
(collectively hereinafter referred to as "**GLA Data**").

24.    When GLA directed Frankel to remove the GLA Data from his rogue
cloud storage account permanently and to transfer the files to GLA, Frankel declared

that GLA did not own the rogue cloud storage service account which he asserted was his cloud storage account to control. Frankel not only refused to comply with GLA's direction, but acted instead intentionally and permanently to deprive GLA of the GLA Data by terminating the Lacoffs' access to the GLA folder and subfolders, and in turn causing the automatic deletion of GLA Data on GLA computers and electronic devices.

25.    In addition to the misappropriation of the GLA Data, upon information and belief, Frankel contacted GLA's business relationships and disparaged GLA and its members.

26.    By letter from counsel for GLA dated January 11, 2022, GLA terminated Frankel's business relationship and demanded return of all GLA property and information GLA furnished to Frankel and information Frankel created or prepared in connection with his work for GLA. Attached hereto as **Exhibit A** is an authentic copy of said letter. To the present date, Frankel has refused to return GLA property and information, including without limitation a GLA-provided computer, external hard drive, and GLA Data; and he refused to restore GLA's access to and control over the rogue cloud storage account and related GLA folder and subfolders.

27.    Upon information and belief, Frankel continues to use GLA property and GLA Data for his own benefit and gain, or that of FCI, and to the detriment of GLA, by using it to disparage GLA and interfere unlawfully with its business relationships and to compete against GLA.

28.    At some point while working with GLA, in or around 2012, Frankel founded FCI, which is in the business of providing legal consulting services.   In 2022, after terminating his relationship with GLA, Frankel used FCI directly or indirectly to compete with GLA by using GLA's confidential and proprietary information and trade secrets, for example, by poaching a GLA client whose case had been on the verge of settling.

29.    Upon information and belief, Frankel in his capacity of Manager and by exercising direct or indirect ownership or control of FCI, Frankel has caused FCI to receive the GLA Data, and FCI is using the GLA Data for its own benefit and gain, and to the detriment of GLA, by using it to disparage GLA and interfere with its business relationships and to compete against GLA.

30.    Frankel and FCI continue to access and use the GLA Data without GLA's consent.

31.    GLA has suffered and will continue to suffer actual harm in an amount which is impossible to quantify at this time because of the Defendants' misappropriation, use, and/or further disclosure of GLA's confidential and proprietary information and trade secrets.

32.    Upon information and belief and as noted above, GLA has suffered and is suffering actual and irreparable harm and injury by reason of the Defendants' continued retention of, access to, theft of, use of, and/or possible further disclosure of GLA's confidential and proprietary information and trade secrets in an amount that

cannot be determined or ascertained at this time but including loss of profits well in excess of the jurisdictional minimum of this Court.

33.    The inevitable disclosure and/or continued misappropriation of GLA's confidential and proprietary information and trade secrets has caused and/or will cause GLA to suffer immediate, substantial, continuing, and irreparable harm and injury for which GLA has no adequate remedy at law, including but not limited to the potential loss of business, goodwill, and its competitive edge.

34.    Unless enjoined, the Defendants will persist, to GLA's continuing harm, in the above-described unlawful behavior and/or there is a substantial risk of unlawful misappropriation, use, and/or disclosure, for the redress of which GLA has no adequate remedy at law.

35.    The harm GLA will suffer if the Defendants are not enjoined far outweighs any harm the Defendants will suffer from the issuance of injunctive relief.

**FIRST COUNT: VIOLATIONS OF COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030 (FRANKEL)**

1.-35.    GLA re-alleges the allegations contained in Paragraphs 1 through 35 in the initial sections of this Verified Complaint as if fully set forth herein as Paragraphs 1 through 35 of this First Count.

36.    Frankel at various times knowingly and intentionally accessed GLA's protected computer systems without authorization, and/or exceeded his authorized access in so doing.

37.    By means of this unlawful access, Frankel was able to obtain from GLA's computer systems numerous and valuable files, records, electronic

correspondence, and other types of information, including GLA's trade secrets and confidential information.

38.    The computer systems unlawfully accessed by Frankel are used by GLA in interstate commerce or communication, and/or affect interstate commerce or communication.

39.    As a proximate result of this unlawful access of GLA's computer systems, GLA has suffered actual and irreparable harm, for which GLA has no adequate remedy available at law, and financial loss exceeding $5,000 during a one-year period, including, but not limited to, the costs to investigate and remediate Frankel's breaches and to bring this action.

## SECOND COUNT: VIOLATIONS OF STORED COMMUNICATIONS ACT, 18 U.S.C. § 2701, *et seq.* (FRANKEL)

1.-35.    GLA re-alleges the allegations contained in Paragraphs 1 through 35 in the initial sections of this Verified Complaint as if fully set forth herein as Paragraphs 1 through 35 of this Second Count.

36.    Frankel at various times knowingly and intentionally accessed electronic communications without authorization and obtained, altered, or prevented authorized access to a wire or electronic communication while in electronic storage. Frankel had actual knowledge of and benefited from this practice.

37.    Frankel at various times knowingly and intentionally exceeded authorization to access GLA's electronic communications and obtained, altered, or prevented authorized access to a wire or electronic communication while in electronic storage.  Frankel had actual knowledge of and benefited from this practice.

38.     The computer systems unlawfully accessed by Frankel are used by GLA in interstate commerce or communication, and/or affect interstate commerce or communication.

39.     As a proximate result of this unlawful access of GLA's stored electronic communications, GLA has suffered harm due to Frankel's unjust enrichment at GLA's expense and is entitled to money damages.

40.     Frankel's conduct is willful and intentional, and therefore GLA is entitled to punitive damages.

**THIRD COUNT: CONNECTICUT COMPUTER CRIMES (FRANKEL)**

1.-35.   GLA re-alleges the allegations contained in Paragraphs 1 through 35 in the initial sections of this Verified Complaint as if fully set forth herein as Paragraphs 1 through 35 of this Third Count.

36.     For the sole purpose of performing his work at GLA, Frankel had access to GLA's computer system and certain GLA computer data files containing highly confidential and proprietary information and trade secrets.

37.     Upon information and belief, Frankel knowingly and intentionally accessed GLA's computer system with the intent to access or misuse GLA's information in order to compete illegally with GLA and/or for his benefit or that of FCI.

38.     Frankel had no authority to use GLA's computer resources or to access GLA's computer system, including its data in the rogue cloud storage account, for any purpose other than to support or advance GLA's business.

39.     Upon information and belief, Frankel acted with the knowledge that he was not authorized to access GLA's computer system for his benefit or that of others.

40.     Furthermore, Frankel committed theft of computer services when, without GLA's consent, he accessed and used for his use and benefit, or that of FCI, GLA's computer and external hard drive which GLA owned, and when he deprived GLA of access and use of the GLA Data in the rogue cloud storage account and transferred the GLA to his own computer or devices and/or to those of FCI.

41.     Furthermore, Frankel misused GLA's computer system information when, as a result of his accessing GLA's computer system, he intentionally made an unauthorized display, use, disclosure or copy of data residing in GLA's computer system, and/or he knowingly received or retained GLA data obtained through his unlawful computer access.

42.     Upon information and belief, Frankel engaged in the unauthorized access to, theft of, and/or misuse of GLA's computer system in violation of Connecticut General Statutes § 53a-251(b), (c), and/or (e), which crimes are civilly actionable pursuant to Connecticut General Statutes § 52-570b.

43.     As a result of Frankel's unlawful conduct, GLA is harmed, and is entitled to the recovery of damages in accordance with Connecticut General Statutes § 52-570b(c).

44.     GLA will continue to be harmed unless the Court issues an order restraining and enjoining Frankel's retention and/or misuse of GLA's computer

resources and computer data in accordance with the provision of Connecticut General Statutes § 52-570b(a).

45.    GLA is likely to succeed in pursuit of injunctive relief under applicable law.

46.    GLA seeks an order for injunctive relief as set forth in the request for relief in this Verified Complaint.

47.    GLA seeks a further order directing restitution pursuant to Connecticut General Statutes § 52-570b(a)(2).

48.    GLA seeks the appointment of a receiver pursuant to Connecticut General Statutes § 52-570b(a)(3) with the power, *inter alia*, to retrieve and take possession of GLA's computer resources, computer data, and all derivative and commingled property.

49.    GLA is aggrieved and entitled to an award of reasonable costs and reasonable attorney fees pursuant to Connecticut General Statutes § 52-570b(e).

50.    Upon information and belief, Frankel's conduct was willful and malicious, entitling GLA to the recovery of treble damages, pursuant to Connecticut General Statutes § 52-570b(c).

**FOURTH COUNT: MISAPPROPRIATION OF TRADE SECRETS UNDER
THE DEFEND TRADE SECRETS ACT ("DTSA"), 18 U.S.C. 1836, *et seq.*
(FRANKEL)**

1.-35.   GLA re-alleges the allegations contained in Paragraphs 1 through 35 in
the initial sections of this Verified Complaint as if fully set forth herein as Paragraphs
1 through 35 of this Fourth Count.

36.    GLA offers and performs services in interstate commerce, and the
computer systems unlawfully accessed by Frankel are used by GLA in interstate
commerce or communication, and/or affect interstate commerce or communication.

37.    As explained herein, the confidential and proprietary information
Frankel accessed from GLA's computer system, including the rogue cloud storage
account, and transmitted to himself and/or FCI is the result of years of work and
substantial expenditure of time, effort, and expense and constitutes trade secrets under
the DTSA.  GLA takes, and at all relevant times has taken, reasonable steps to
safeguard and protect the secrecy of its trade secrets.  GLA's confidential, proprietary,
and trade secret information has significant independent economic value to GLA, and
would have significant economic value to its competitors, including Frankel and FCI,
because they are not generally known or readily ascertainable to persons outside of
GLA, including GLA's competitors.

38.    Frankel misappropriated GLA's trade secrets by improper means
through his unauthorized retention of, access to, theft of, and/or misuse of, GLA's
computer system.

39.     Frankel has no justification for his improper use and knows or should know that the trade secrets are GLA's property.

40.     GLA has neither expressly nor impliedly consented to Frankel's use or disclosure of GLA's trade secrets in any way.  Frankel is aware that he does not have GLA's consent to use GLA's trade secrets at FCI, or otherwise.

41.     Frankel's misappropriation of GLA's trade secrets for his own gain is willful, wanton and malicious, and was taken with reckless disregard for the rights of GLA.

42.     Frankel's unlawful activities on behalf of himself and FCI constitute and will continue to constitute the inevitable disclosure of GLA's confidential and proprietary information and trade secrets, as well as threatened misappropriation within the meaning of the DTSA.

43.     As a result of Frankel's misappropriation of GLA's trade secrets, GLA has suffered and will continue to suffer actual and irreparable harm and money damages, including actual loss.  Without injunctive relief, GLA will continue to be irreparably harmed by Frankel's misappropriation of its trade secrets.

44.     Frankel has been unjustly enriched as a result of his misappropriation of GLA's trade secrets.

45.     GLA is entitled to the injunctive relief set forth in its request for relief in this Verified Complaint to prevent Frankel's actual and/or threatened misappropriation of its trade secrets, and also to money damages and the attorneys' fees that it incurs in this action.

## FIFTH COUNT: MISAPPROPRIATION OF TRADE SECRETS UNDER THE CONNECTICUT UNIFORM TRADE SECRETS ACT ("CUTSA"), C.G.S. § 35-51, *et seq.* (FRANKEL)

1.-35.    GLA re-alleges the allegations contained in Paragraphs 1 through 35 in the initial sections of this Verified Complaint as if fully set forth herein as Paragraphs 1 through 35 of this Fifth Count.

36.    As explained herein, the confidential and proprietary information Frankel accessed from GLA's computer system, including the rogue cloud storage account, and transmitted to himself and/or FCI is the result of years of work and substantial expenditure of time, effort, and expense and constitutes trade secrets under Connecticut General Statutes § 35-51 *et seq*, and/or principles of common law.  GLA takes, and at all relevant times has taken, reasonable steps to safeguard and protect the secrecy of its trade secrets.  GLA's confidential, proprietary, and trade secret information has significant independent economic value to GLA, and would have significant economic value to its competitors, including Frankel and FCI, because they are not generally known or readily ascertainable to persons outside of GLA, including GLA's competitors.

37.    Frankel misappropriated GLA's trade secrets by improper means through his unauthorized retention of, access to, theft of, and/or misuse of, GLA's computer system.

38.    Frankel has no justification for his improper use and knows or should know that the trade secrets are GLA's property.

39.     Frankel has neither expressly nor impliedly consented to Frankel's use or disclosure of GLA's trade secrets in any way.  Frankel is aware that he does not have GLA's consent to use GLA's trade secrets at FCI, or otherwise.

40.     Frankel's misappropriation of GLA's trade secrets for his own gain is willful, wanton and malicious, and was taken with reckless disregard for the rights of GLA.

41.     As a result of Frankel's conduct, GLA has suffered an actual loss and is entitled to the recovery of actual damages pursuant to Connecticut General Statutes § 35-53.

42.     Frankel has been unjustly enriched as a result of his misappropriation of GLA's trade secrets.

43.     Upon information and belief, Frankel's conduct was willful and malicious, entitling GLA to the recovery of punitive damages and attorneys' fees pursuant to Connecticut General Statutes § 35-53.

44.     Frankel's use of GLA's trade secrets has caused and will continue to cause both monetary damages and irreparable harm to GLA.

45.     Unless enjoined from use of GLA's trade secrets, GLA will continue to suffer immediate and irreparable harm and damages.

46.     GLA seeks an order for injunctive relief as set forth in the request for relief in this Verified Complaint.

47.     GLA is likely to succeed in pursuit of injunctive relief under applicable law.

**SIXTH COUNT: VIOLATIONS OF COMPUTER FRAUD AND ABUSE ACT,
18 U.S.C. § 1030 (FCI)**

1.-35.   GLA re-alleges the allegations contained in Paragraphs 1 through 35 in

the initial sections of this Verified Complaint as if fully set forth herein as Paragraphs

1 through 35 of this Sixth Count.

36.   Through Frankel acting on FCI's behalf, FCI at various times

knowingly and intentionally accessed GLA's protected computer systems without

authorization, and/or exceeded Frankel's authorized access in so doing.

37.   By means of this unlawful access, FCI was able to obtain from GLA's

computer systems numerous and valuable files, records, electronic correspondence,

and other types of information, including GLA's trade secrets and confidential

information.

38.   The computer systems unlawfully accessed by FCI are used by GLA in

interstate commerce or communication, and/or affect interstate commerce or

communication.

39.   As a proximate result of this unlawful access of GLA's computer

systems, GLA has suffered actual and irreparable harm, for which GLA has no

adequate remedy available at law, and financial loss exceeding $5,000 during a one-

year period, including, but not limited to, the costs to investigate and remediate FCI's

breaches and to bring this action.

**SEVENTH COUNT: VIOLATIONS OF STORED COMMUNICATIONS ACT,
18 U.S.C. § 2701, *et seq.* (FCI)**

1.-35.   GLA re-alleges the allegations contained in Paragraphs 1 through 35 in
the initial sections of this Verified Complaint as if fully set forth herein as Paragraphs
1 through 35 of this Seventh Count.

36.   Through Frankel acting on FCI's behalf, FCI at various times
knowingly and intentionally accessed electronic communications without
authorization and obtained, altered, or prevented authorized access to a wire or
electronic communication while in electronic storage.  FCI had actual knowledge of
and benefited from this practice.

37.   Through Frankel acting on FCI's behalf, FCI at various times
knowingly and intentionally exceeded authorization to access GLA's electronic
communications and obtained, altered, or prevented authorized access to a wire or
electronic communication while in electronic storage.  FCI had actual knowledge of
and benefited from this practice.

38.   The computer systems unlawfully accessed by Frankel on behalf of FCI
are used by GLA in interstate commerce or communication, and/or affect interstate
commerce or communication.

39.   As a proximate result of this unlawful access of GLA's stored
electronic communications, GLA has suffered harm due to FCI's unjust enrichment at
GLA's expense and is entitled to money damages.

40.   FCI's conduct is willful and intentional, and therefore GLA is entitled
to punitive damages.

**EIGHTH COUNT: CONNECTICUT COMPUTER CRIMES (FCI)**

1.-50.    GLA re-alleges the allegations contained in Paragraphs 1 through 50 in the Third Count as if fully set forth herein as Paragraphs 1 through 50 of this Eighth Count.

51.    Upon information and belief, FCI knowingly received and retained data obtained by Frankel in violation of Connecticut General Statutes § 53a-251(e)(1) and/or has used and/or disclosed and continues to use and/or disclose data it knew or believed was obtained in violation of Conn. Gen. Stat. § 53a-251(e)(1).

52.    As such, upon information and belief, FCI has violated Connecticut General Statutes § 53a-251(e)(3), which crimes are civilly actionable pursuant to Connecticut General Statutes § 52-570b.

53.    As a result of FCI's unlawful conduct, GLA is harmed, and is entitled to the recovery of damages in accordance with Connecticut General Statutes § 52-570b(c).

54.    GLA will continue to be harmed unless the Court issues an order restraining and enjoining FCI's retention and/or misuse of GLA's computer resources and computer data in accordance with the provision of Connecticut General Statutes § 52-570b(a).

55.    GLA is likely to succeed in pursuit of injunctive relief under applicable law.

56.    GLA seeks an order for injunctive relief as set forth in the request for relief in this Verified Complaint.

57.    GLA seeks a further order directing restitution pursuant to Connecticut

General Statutes § 52-570b(a)(2).

58.    GLA seeks the appointment of a receiver pursuant to Connecticut

General Statutes § 52-570b(a)(3) with the power, *inter alia*, to retrieve and take

possession of GLA's computer resources, computer data, and all derivative and

commingled property.

59.    GLA is aggrieved and entitled to an award of reasonable costs and

reasonable attorney fees pursuant to Connecticut General Statutes § 52-570b(e).

60.    Upon information and belief, FCI's conduct was willful and malicious,

entitling GLA to the recovery of treble damages, pursuant to Connecticut General

Statutes § 52-570b(c).

**NINTH COUNT: MISAPPROPRIATION OF TRADE SECRETS UNDER THE
DEFEND TRADE SECRETS ACT ("DTSA"), 18 U.S.C. 1836, *et seq.*  (FCI)**

1.-35.    GLA re-alleges the allegations contained in Paragraphs 1 through 32 in

the initial sections of this Verified Complaint as if fully set forth herein as Paragraphs

1 through 35 of this Ninth Count.

36.    GLA offers and performs services in interstate commerce, and the

computer systems unlawfully accessed by Frankel acting on behalf of FCI are used by

GLA in interstate commerce or communication, and/or affect interstate commerce or

communication.

37.    As explained herein, the confidential and proprietary information

Frankel accessed from GLA's computer system, including the rogue cloud storage

account, and transmitted to FCI is the result of years of work and substantial

expenditure of time, effort, and expense and constitutes trade secrets under the DTSA. GLA takes, and at all relevant times has taken, reasonable steps to safeguard and protect the secrecy of its trade secrets. GLA's confidential, proprietary, and trade secret information has significant independent economic value to GLA, and would have significant economic value to its competitors, including Frankel and FCI, because they are not generally known or readily ascertainable to persons outside of GLA, including GLA's competitors.

38. FCI misappropriated GLA's trade secrets by improper means through Frankel's unauthorized retention of, access to, theft of, and/or misuse of, GLA's computer system.

39. FCI has no justification for its improper use and knows or should know that the trade secrets are GLA's property.

40. GLA has neither expressly nor impliedly consented to FCI's use or disclosure of GLA's trade secrets in any way. FCI is aware that it does not have GLA's consent to use GLA's trade secrets.

41. FCI's misappropriation of GLA's trade secrets for its own gain is willful, wanton and malicious, and was taken with reckless disregard for the rights of GLA.

42. FCI's unlawful activities constitute and will continue to constitute the inevitable disclosure of GLA's confidential and proprietary information and trade secrets, as well as threatened misappropriation within the meaning of the DTSA.

43.     As a result of FCI's misappropriation of GLA's trade secrets, GLA has

suffered and will continue to suffer actual and irreparable harm and money damages,

including actual loss.  Without injunctive relief, GLA will continue to be irreparably

harmed by FCI's misappropriation of its trade secrets.

44.     FCI has been unjustly enriched as a result of its misappropriation of

GLA's trade secrets.

45.     GLA is entitled to the injunctive relief set forth in its request for relief

in this Verified Complaint to prevent FCI's actual and/or threatened misappropriation

of its trade secrets, and also to money damages and the attorneys' fees that it incurs in

this action.

**TENTH COUNT: MISAPPROPRIATION OF TRADE SECRETS UNDER THE
CONNECTICUT UNIFORM TRADE SECRETS ACT ("CUTSA"), C.G.S. § 35-
51, _et seq._ (FCI)**

1.-47.   GLA re-alleges the allegations contained in Paragraphs 1 through 47 of

the Fifth Count as if fully set forth herein as Paragraphs 1 through 47 of this Tenth

Count.

48.     As explained herein, the confidential and proprietary information

Frankel accessed from GLA's computer system, including the rogue cloud storage

account, and transmitted to FCI is the result of years of work and substantial

expenditure of time, effort, and expense and constitutes trade secrets under

Connecticut General Statutes § 35-51 _et seq_, and/or principles of common law.  GLA

takes, and at all relevant times has taken, reasonable steps to safeguard and protect the

secrecy of its trade secrets.  GLA's confidential, proprietary, and trade secret

information has significant independent economic value to GLA, and would have significant economic value to its competitors, including Frankel and FCI, because they are not generally known or readily ascertainable to persons outside of GLA, including GLA's competitors.

49.    Upon information and belief, FCI knowingly received from Frankel and retained GLA's misappropriated trade secrets in violation of Connecticut General Statutes § 53a-251(e)(1) and/or has used and/or disclosed and continues to use and/or disclose data it knew or believed was obtained in violation of Conn. Gen. Stat. § 53a-251(e)(1).

50.    FCI has misappropriated GLA's trade secrets by improper means through its unauthorized retention of, access to, theft of, and/or misuse of, GLA's computer system.

51.    FCI has no justification for its improper use and knows or should know that the trade secrets are GLA's property.

52.    GLA has neither expressly nor impliedly consented to FCI's use or disclosure of GLA's trade secrets in any way.  FCI is aware that it does not have GLA's consent to use GLA's trade secrets.

53.    FCI's misappropriation of GLA's trade secrets for its own gain is willful, wanton and malicious, and was taken with reckless disregard for the rights of GLA.

54.    FCI has been unjustly enriched as a result of its misappropriation of GLA's trade secrets.

55.    As a result of FCI's conduct, GLA has suffered an actual loss and is entitled to the recovery of actual damages pursuant to Connecticut General Statutes § 35-53.

56.    Upon information and belief, FCI's conduct was willful and malicious, entitling GLA to the recovery of punitive damages and attorneys' fees pursuant to Connecticut General Statutes § 35-53.

57.    FCI's use of GLA's trade secrets has caused and will continue to cause both monetary damages and irreparable harm to GLA.

58.    Unless enjoined from use of GLA's trade secrets, GLA will continue to suffer immediate and irreparable harm and damages.

59.    GLA seeks an order for injunctive relief as set forth in the request for relief in this Verified Complaint.

60.    GLA is likely to succeed in pursuit of injunctive relief under applicable law.

**ELEVENTH COUNT: CIVIL THEFT UNDER C.G.S § 52-564 (FRANKEL AND FCI)**

1.-35.    GLA re-alleges the allegations contained in Paragraphs 1 through 35 in the initial sections of this Verified Complaint as if fully set forth herein as Paragraphs 1 through 35 of this Eleventh Count.

36.    GLA is the exclusive owner of the computer, external hard drive, and data in the rogue cloud storage account, as well as the confidential and proprietary

information and trade secrets, including without limitation the GLA Data, that GLA provided to Frankel for use, and that Frankel did use, in his work for GLA.

37.     The Defendants acting alone or in concert intended to deprive GLA of its computer resources, proprietary and confidential information and trade secrets, and data files, and to appropriate the same to themselves by removing GLA's access to the GLA Data, by causing the deletion of copies of the GLA Data on GLA's computer system, by failing and/or refusing to return to GLA the GLA Data and computer property, and by diverting the same to the Defendants' own use and benefit in competition with GLA and at GLA's expense.

38.     The Defendants' actions constitute civil theft in violation of Connecticut General Statutes Section 52-564.

39.     As a direct and proximate cause of the Defendants' actions, GLA has suffered injury, entitling GLA to money damages and treble damages pursuant to Connecticut General Statutes § 52-564.

**TWELFTH COUNT: CONVERSION (FRANKEL AND FCI)**

1.-35.   GLA re-alleges the allegations contained in Paragraphs 1 through 35 in the initial sections of this Verified Complaint as if fully set forth herein as Paragraphs 1 through 35 of this Twelfth Count.

36.     GLA is the exclusive owner of the computer, external hard drive and data in the rogue cloud storage account, as well as the confidential and proprietary information and trade secrets, including without limitation the GLA Data, that GLA provided to Frankel for use, and that Frankel did use, in his work for GLA.

37.     The Defendants acting alone or in concert and without authorization from GLA assumed and exercised ownership and control over GLA's computer resources, proprietary and confidential information and trade secrets, rogue cloud storage account, and data files, by removing GLA's access to the GLA Data, by causing the deletion of copies of the GLA Data on GLA's computer system, by failing and/or refusing to return to GLA the GLA Data and computer property, and by diverting the same to the Defendants' own use and benefit in competition with GLA and at GLA's expense.

38.     The Defendants' conduct has resulted in GLA's being completely excluded from exercising any ownership rights or control over GLA's computer resources, proprietary and confidential information and trade secrets, data in the rogue cloud storage account, and data files.  GLA made demand for return of its property.

39.     As a direct and proximate cause of the Defendants' actions, GLA has suffered injury, entitling GLA to money damages.

**THIRTEENTH COUNT: UNJUST ENRICHMENT (FRANKEL AND FCI)**

1.-35.  GLA re-alleges the allegations contained in Paragraphs 1 through 35 in the initial sections of this Verified Complaint as if fully set forth herein as Paragraphs 1 through 35 of this Thirteenth Count.

36.-39.  GLA re-alleges the allegations contained in Paragraphs 36 through 39 in the First Count as if fully set forth herein as Paragraphs 36 through 39 of this Thirteenth Count.

40.-44.  GLA re-alleges the allegations contained in Paragraphs 36 through 40 of the Second Count as if fully set forth herein as Paragraphs 40 through 44 of this Thirteenth Count.

45.-59.  GLA re-alleges the allegations contained in Paragraphs 36 through 50 of the Third Count as if fully set forth herein as Paragraphs 45 through 59 of this Thirteenth Count.

60.-69.  GLA re-alleges the allegations contained in Paragraphs 36 through 45 of the Fourth Count as if fully set forth herein as Paragraphs 60 through 69 of this Thirteenth Count.

70.-81.  GLA re-alleges the allegations contained in Paragraphs 36 through 47 of the Fifth Count as if fully set forth herein as Paragraphs 70 through 81 of this Thirteenth Count.

82.-85.  GLA re-alleges the allegations contained in Paragraphs 36 through 39 of the Sixth Count as if fully set forth herein as Paragraphs 82 through 85 of this Thirteenth Count.

86.    The Defendants benefited or will benefit from their improper conduct as alleged herein, such as the Defendants' use of GLA's trade secrets and proprietary and confidential information.

87.    The benefit to the Defendants was unjust in that GLA was not compensated.

88.    The benefit to the Defendants operated to GLA's detriment.

89.    The Defendants are or will be unjustly enriched if they are permitted to benefit from their improper conduct.

90.    As a direct result of the Defendants' conduct, GLA has suffered and will suffer damages.

## FOURTEENTH COUNT: UNFAIR TRADE PRACTICE (FRANKEL AND FCI)

1.-90.    GLA re-alleges the allegations contained in Paragraphs 1 through 90 of the Thirteenth Count as if fully set forth herein as Paragraphs 1 through 90 of this Fourteenth Count.

91.    The Defendants' conduct, as alleged herein, was unethical, unscrupulous, unfair and/or deceptive.

92.    The Defendants' conduct constitutes unfair method(s) of competition and/or unfair or deceptive act(s) or practice(s) in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et. seq.*

93.    The Defendants' conduct occurred in the Defendants' primary trade or business.

94.    As a result of the Defendants' conduct, GLA has sustained an ascertainable loss, and is entitled to injunctive relief, consequential and punitive damages and an award of attorneys' fees pursuant to Conn. Gen. Stat. § 42-110a(g).

95.    In accordance with Conn. Gen. Stat. § 42-110g, a copy of this Verified Complaint will be provided to the Attorney General and the Commissioner of Consumer Protection of the State of Connecticut.

WHEREFORE, the Plaintiff seeks the following relief:

1.    Preliminary and permanent injunctive relief as to Frankel, including but

not limited to the following:

a.    An order that Frankel, his agents, employees and all those acting in concert with them, immediately return and forever cease and desist from using in any way any computer, external hard drive, and any other tangible property purchased by GLA, as well as any GLA confidential and proprietary information, whether in printed or digital form, including but not limited to the GLA Data, as defined in this Verified Complaint, acquired by Frankel in connection with his work for with GLA, for his own benefit or to benefit a competitor of GLA, including but not limited to FCI, law firms, legal services providers, advisors, and consulting firms;

b.    An order that Frankel, his agents, employees and all those acting in concert with them, immediately identify each and every individual or entity with whom he shared GLA's confidential and proprietary information and trade secrets, including but not limited to the GLA Data, and that Frankel inform each such individual or entity that they must securely destroy and immediately cease and desist from using such information;

c.    An order that Frankel, his agents, employees and all those acting in concert with them, (1) search for any evidence that he has uploaded or otherwise entered any GLA confidential and proprietary information and trade secrets, including without limitation GLA Data, to Frankel's personal computers, servers, hard drives, and cloud services/storage accounts; (2) return to GLA and delete from Frankel's computers, servers, hard drives, and cloud services/storage accounts any and all such GLA confidential information that is found pursuant to that search; and (3) certify that such search and deletion were performed within 30 days of the Court's order along with the detailed results of the search and method of deletion; and

d.    An order that Frankel, his agents, employees and all those acting in concert with them, immediately identify by full name, mailing address, and other known contact information each and every GLA client and/or prospective GLA client whom Frankel or others on his behalf solicited or contacted for the purpose of offering services similar to or competitive with those offered by GLA to the

exclusion of GLA, whether during the period of Frankel's relationship with GLA or thereafter.

2.     Preliminary and permanent injunctive relief as to FCI, including but not limited to the following:

     a.  An order that FCI, its agents, employees and all those acting in concert with them, immediately return and forever cease and desist from using in any way any computer, external hard drive, and any other tangible property purchased by GLA, as well as any GLA confidential and proprietary information, whether in printed or digital form, including but not limited to the GLA Data, as defined in this Verified Complaint, acquired through Frankel in connection with his work with GLA, for its own benefit or to benefit a competitor of GLA, including but not limited to law firms, legal services providers, advisors, and consulting firms;

     b.  An order that FCI, its agents, employees and all those acting in concert with them, immediately identify each and every individual or entity with whom it shared GLA's confidential and proprietary information and trade secrets, including but not limited to the GLA Data, and that FCI inform each such individual or entity that they must securely destroy and immediately cease and desist from using such information;

     c.  An order that FCI, its agents, employees and all those acting in concert with them, (1) search for any evidence that it has uploaded or otherwise entered any GLA confidential and proprietary information and trade secrets, including without limitation GLA Data, to FCI's computers, servers, hard drives, and cloud services/storage accounts; (2) return to GLA and delete from its computers, servers, hard drives, and cloud services/storage accounts any and all such GLA confidential information that is found pursuant to that search; and (3) certify that such search and deletion were performed within 30 days of the Court's order along with the detailed results of the search and method of deletion; and

     d.  An order that FCI, its agents, employees and all those acting in concert with them, immediately identify by full name, mailing address, and other known contact information each and every GLA client and/or prospective GLA client acquired through Frankel whom FCI or others on its behalf solicited or contacted for the purpose of offering services similar to or competitive with those

offered by GLA to the exclusion of GLA, whether during the period of Frankel's relationship with GLA or thereafter.

3.     Actual damages and/or damages for unjust enrichment pursuant to Connecticut General Statutes § 52-570b;

4.     Appointment of a Receiver pursuant to Connecticut General Statutes § 52-570b(a)(3), with the power to collect, receive, and take into their possession any property that belongs to the Defendants that may have been derived by, used in, or aided in the violation of Connecticut General Statutes § 53a-251, including without limitation all data and property of every description, and further including all data and property with which such data and property has been commingled if it cannot be identified in kind because of such commingling;

5.     Treble damages, pursuant to Connecticut General Statutes § 52-570b(c);

6.     Reasonable costs and attorneys' fees as permitted by applicable law, including without limitation the Connecticut General Statutes § 52-570b(e), SCA, DTSA, CUTSA, and CUTPA;

7.     Punitive damages as permitted by applicable law, including without limitation, the SCA, CUTSA, and CUTPA;

8.     Injunctive relief restraining and enjoining the Defendants from retaining and/or misusing GLA's computer data, pursuant to Connecticut General Statutes § 52-570b(a)(1), CFAA, SCA, DTSA, and/or CUTSA;

9.     Restitution pursuant to Connecticut General Statutes § 52-570b(a)(2);

10.    A permanent injunction prohibiting the Defendants from further unfair methods of competition and unfair or deceptive acts or practices;

11.    Restitution sufficient to disgorge the unjust enrichment that the Defendants received;

12.    Money damages;

13.    Prejudgment and post judgment interest;

14.    Expert witness fees;

15.    Costs; and

16.    All other relief, in law or in equity, that this Court deems appropriate.

PLAINTIFF,
GREENWICH LEGAL ASSOCIATES, LLP

/s/ Sherwin M. Yoder
Gary S. Klein
Federal Bar No. ct09827
Carmody Torrance Sandak & Hennessey LLP
1055 Washington Blvd., 4th Floor
Stamford, CT 06901
Phone: 203 252-2696
Fax: 203 325-8608
gklein@carmodylaw.com
Its attorneys

Sherwin M. Yoder
Federal Bar No. ct26754
Carmody Torrance Sandak & Hennessey LLP
195 Church Street, Floor 18
P.O. Box 1950
New Haven, CT 06509-1950
Phone: 203 777-5501
Fax: 203 784-3199
syoder@carmodylaw.com
Its attorneys

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GREENWICH LEGAL ASSOCIATES, LLC | : |
| | : |
| Plaintiff, | : |
| v. | :    Civil Action No. |
| | : |
| | : |
| ADAM FRANKEL and FRANKEL CONSULTING INC. | : |
| | : |
| Defendants. | : |
| | : |

## VERIFICATION

STATE OF CONNECTICUT    )
                        )    :SS: Greenwich
COUNTY OF FAIRFIELD     )

       Martin Lacoff, being duly sworn, deposes and says that he is the Executive Manager of the Plaintiff in the above-captioned action, Greenwich Legal Associates, LLC. I have read the annexed Verified Complaint and the foregoing is true and accurate to the best of my own knowledge except as to matters herein alleged on information and belief and as to those matters, I believe them to be true.

                                                             Martin Lacoff

Sworn to before me this
31st day of October, 2022

Eric Michael Maglione
Notary Public

ERIC MICHAEL MAGLIONE
Notary Public, State of Connecticut
My Commission Expires June 30, 2026

{N5875582;2}